IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHERMAN FRANCIS LEE                                                                                   PLAINTIFF
ADC #092543

V.                                          NO.  4:08cv00627 JMM-JWC

LEROY BROWENLEE, et al                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

### Recommended Disposition

On July 23, 2008, Plaintiff, a pro se inmate currently confined to the Randall Williams Correctional Facility of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (doc. 2).  By order entered August 5, 2008 (doc. 5), he was granted in forma pauperis status pursuant to 28 U.S.C. § 1915.

Plaintiff was convicted of a sex offense on December 15, 1998, and sentenced under A.C.A. § 16-93-611 to serve seventy percent (70%) of his sentence before being eligible for parole.[1] Plaintiff had served approximately seventy percent of his sentence and attended the RSVP program at the Ouachita River Unit when he first became eligible for parole. Plaintiff alleges that Defendants, members of the Post Prison Transfer Board, have abused their authority in an arbitrary and impermissible manner by not providing him fair and impartial parole hearings because he is mildly mentally retarded, disabled, and will be living with his mother.  Plaintiff further alleges that Defendants deliberately and intentionally denied him parole to enhance his time served and to discriminate against him because he

---

[1] Ark. Code Ann. § 16-93-611 provides that anyone convicted of certain serious offenses will not be eligible for parole until he has served seventy percent of his sentence.

is a convicted sex offender.  Plaintiff last alleges that the parole board's almost total discretionary authority is ambiguous and unconstitutional.  Plaintiff requests, in addition to a judgment and injunction against Defendants, compensatory and punitive damages.

After granting Plaintiff in forma pauperis status (doc. 5), Plaintiff was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  28 U.S.C. § 1915A.

## I.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro

se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

## II. Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the fact or length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to 42 U.S.C. § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The heart of Plaintiff's complaint is an attack on the Post Prison Transfer Board's continued denial of his parole. The fact that he has labeled this a § 1983 action is not controlling. The type of claim Plaintiff has raised, if proven, would necessarily result in a grant of parole; therefore, to the extent he challenges the length of his incarceration, his claims are not cognizable as a § 1983 action. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition); see also Smith v. Norris, 40 Fed. Appx. 305 (8th Cir. 2002)

(unpub. op.) (prisoner's claim that prison officials refused to calculate release and parole eligibility dates was not cognizable under § 1983). Furthermore, the Court should decline to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

Additionally, the fact that Plaintiff seeks damages from Defendants cannot save his case. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is first reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Heck, like the case at bar, involved a criminal conviction. To reiterate, Plaintiff's allegations, if proven, would necessarily result in a grant of parole. Absent any allegation that Plaintiff has successfully challenged his parole denials through appropriate state or federal procedures, his § 1983 claim for damages is not cognizable. For these reasons, Plaintiff's claims for damages should be dismissed without prejudice to refiling at such time as a successful challenge has occurred. See Sheldon v. Hundley, 83 F.3d 231, 234 (8th Cir. 1996); Armento-Bey v. Harper, 68 F.3d 215, 216 (8th Cir. 1995) (Bowman, J., dissenting); see also Childs v. Howard, 242 F.3d 374 (8th Cir. 2000) (unpub. op.) (plaintiff cannot use damages suit to avoid challenging lawfulness or length of confinement).

### III. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's case should be DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM. Plaintiff is in effect challenging the length of his incarceration; therefore, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to 42 U.S.C. § 1983.

2. Any pending motions should be DENIED AS MOOT.

3. The Court should CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4. Pursuant to Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.), an action dismissed without prejudice under Heck, should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 22nd day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.